UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 0 4 2016
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 71-56 |
| ) | BAH/(DAR) |
| v. ) | |
| ) | |
| FRANKLIN FRYE ) | |
| ) | |

### AMENDED CONSENT ORDER FOR CONDITIONAL RELEASE

This matter came before the Court at the request of the D.C. Department of Behavioral Health's request to amend the current conditional release order of acquittee Franklin Frye.

On June 9, 1971, Acquittee Franklin Frye was found not guilty by reason of insanity of Robbery. He was committed to St. Elizabeths Hospital (Hospital) for an indeterminate period of time after a Bolton hearing. [1]

The Acquittee's diagnoses include Schizoaffective Disorder, Bipolar Type, Cognitive Disorder Not Otherwise Specified, Mixed Receptive-Expressive Language Disorder and Borderline Intellectual Functioning. He is currently prescribed Seroquel Amantadine and Depakote to treat his psychiatric conditions.

Since Mr. Frye's commitment to the Hospital, he has resided on all levels of security and granted a number of conditional release privileges. The Acquittee last resided in the community from January 9, 2001 until April 23, 2001.

On September 24, 2014 and November 12, 2014, acquittee was granted a conditional release order, by this Court, to reside in the community, subject to meeting certain conditions.

On February 1, 2016, the Hospital filed a status report regarding Mr. Frye's conditional release order. In that report, the Hospital notified the Court of the deterioration of Mr. Frye's

---

[1] Bolton v. Harris  395 F.2d 642 (D.C. Cir. 1968).

medical condition, such that placement in a CRF was no longer believed to be appropriate for Mr. Frye and asked the Court to amend the Acquitee's order to allow his placement into a nursing home.

On February 29, 2016, The Court vacated acquittees September 24 and November 12, 2014 conditional release orders and granted a conditional release order allowing acquittee to be placed in a nursing home.

On March 15, 2016, the Hospital filed a status report regarding acquittees medical condition. Mr. Frye has been diagnosed with mestastic cancer of the thoracic boney cage and a decision was made to not pursue further treatment. In light of acquittees terminal medical condition, it is the opinion of the Hospital that the current appropriate of care for acquittee is hospice placement.

Upon the consideration of the representations made by both counsels, by representatives of St. Elizabeths Hospital in the March 15, 2016 status letter, the Court finds that Franklin Frye will not, in the reasonably foreseeable future, present a danger to himself or others because of mental illness if conditionally released as described below.

**ORDERED** that the acquittee Franklin Frye's February 29, 2016 convalescent leave order is hereby **AMENDED**

**FURTHER ORDERED** that the acquittee Franklin Frye shall be conditionally released from St. Elizabeths Hospital under the following conditions:

1. In preparation for convalescent leave, the acquitee may enter the community accompanied by his assigned casemanager from a Core Service Agency, or a Hospital approved escort to address personal needs and visiting potential residences. Mr. Frye may continue to visit the community accompanied by his brother, Rev. William Frye, or his sister Penelope Campbell

for family visits approved by the Hospital. The Acquittee shall remain under the supervision of his casemanager, family members or other Hospital approved escort at all times while on community outings.

2. Acquittee Franklin Frye may be placed on convalescent leave at the Hospital's discretion to reside in a Hospital approved nursing home or hospice facility. The Hospital shall notify the Court, counsel for acquittee, and the United States Attorney's Office of the acquittee's address upon his placement in a nursing home or hospice, as well as the name and telephone number of a contact person at the location.

3. Once Mr. Frye is outplaced, he shall receive outpatient casemanagement service from the Hospital Forensic Department (FOPD), 35 K Street, N.W., Washington, D.C. FOPD shall monitor any psychiatric, medical and substance abuse treatment provided to the acquittee by his nursing home or hospice or other community care providers.

4. FOPD shall maintain, in person, contact with acquittee of not less than once a month. FOPD shall maintain frequent contact of not less than once a week with acquittees nursing home or hospice provider to monitor his mental condition and behavior. The nursing home or hospice shall agree to immediately notify FOPD if acquittee fails to take his prescribed medication or exhibits behavioral issues.

5. FOPD shall submit monthly written reports, with copies to the Court, United States Attorney's Office and counsel for acquittee. The reports will include documentation as to the acquittees treatment and medication complaince as well as compliance with the conditions of his release.

6. The acquittee shall comply with all requests by FOPD for information relating to any medical and/or psychiatric treatment he receives from community caregivers. Any health care provider shall provide all treatment information regarding acquittees care to FOPD upon request.

7. The acquittee shall abide by all laws, not consume alcohol or illegal drugs, not be arrested for cause and take all medications prescribed to him.

8. FOPD shall provide prior written notification to the Court of acquittees intention to travel fifty miles outside theWashington, D.C. metropolitan area. Said notification shall be provided at least seven days prior to the date of intended travel.

9. The nursing home or hospice shall immediately notify FOPD if acquittee fails to comply with any conditions of release.

10. If acquittee fails to comply with conditions of release such that FOPD determines he is in need of inpatient treatment, the acquittee shall be returned to St. Elizabeths. The the acquittee fails to cooperate with transport to St. Elizabeths Hospital, FOPD shall notify the District of Columbia Metropolitan Police Department, who shall be provided a copy of this Court's order and shall assist in escorting acquittee to St. Elizabeths Hospital, 1100 Alabama Avenue, S.E., Washington, D.C. 20032.

11. If Mr. Frye's mental condition deteriorates or if he violates a material condition of his release he shall be returned to inpatient care at the hospital, with due notification to the Court, U.S. Attorney's Office and counsel. Thereafter the acquittee may not resume convalescent leave without prior notice to the Court and cousnel. If the government objects to acquittees return to convalescent leave a hearing shall be set and acquittee shall remain an inpatient until the conclusion of said hearing.

_____
Magistrate Judge Deborah Robinson
United States District Court
for the District of Columbia